UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| LINDA ANN CORNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:18-cv-044-JMH |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION AND ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*\*

Plaintiff Linda Ann Cornett brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for disability benefits. The Court, having reviewed the record, will **AFFIRM** the Commissioner's decision, as it is supported by substantial evidence.

**I.**

Judicial review of the Commissioner's decision is limited to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a de novo review,

1

resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.; see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II.

In July 2014, Plaintiff filed her current applications for disability insurance benefits (DIB), and supplemental security income (SSI), alleging disability as of February 15, 2011 (Tr. 1026, 1033). Plaintiff's claims were denied initially and on reconsideration (Tr. 897, 898, 937, 938). After a hearing (Tr.832-

848), an Administrative Law Judge ("ALJ") reviewed the evidence of record and denied plaintiff's application (Tr. 12-33). The ALJ's decision became the final determination of the Commissioner when the Appeals Council declined review of it (Tr. 1-6). This appeal followed.

### III. Statement of the Facts

Plaintiff was 43 years old at the time of her alleged disability onset date in February 2011 (Tr. 1026). She has a high school education plus two years of college (Tr. 1065). Her past relevant work was as a security guard (Tr. 845, 1065). In her current application materials, she initially alleged she was unable to work due to both physical and mental impairments (Tr. 1064).

**(a) Medical records relevant to Plaintiff's alleged impairments from her currently alleged disability onset date of February 15, 2011 through the ALJ's February 15, 2017 decision[1]**

A January 2014 primary care record documented normal x-rays of Plaintiff's right shoulder and elbow. (Tr. 1213, 1277-1279). A subsequent late April 2014 chest scan again showed "no active cardiopulmonary process" but "with signs of chronic bronchitis (Tr. 1208, 1210). In July 2014, scans of Plaintiff's knees showed only early arthritic changes without significant structural abnormalities or neurological involvement (Tr. 1256-1258).

---

[1] Plaintiff has restricted her developed arguments to the issue specifically discussed below. Plaintiff's Brief (Pl.'s Br. 16-20).

September 2014 primary care treatment records note that Plaintiff had been in a pressure chamber to treat right arm cellulitis (i.e., hyperbaric oxygen therapy) and that the arm was healing fast (Tr. 1543). The following month, x-rays of Plaintiff's right wrist and chest were normal while contemporaneous scans of the right knee revealed only mild degenerative changes (Tr. 1491, 1493, 1535). June 2015 primary care records document a follow-up appointment following arthroscopic surgery on Plaintiff's right knee by Kirpal Singh Sidhu, M.D., a week earlier to repair a meniscal tear (Tr. 1723-1724), at which time Plaintiff presented as "well appearing," "in no distress," and without apparent signs of complications (Tr. 1854). A July 2015 chest x-ray was normal while a month later an MRI of the right knee showed moderate joint effusion, arthritis and a meniscal tear (Tr. 1781-1782, 1787). In August 2015, a lumbar MRI revealed "signs of degenerative disc disease at L3-L4, L4-L5 and L5-Sl", but "no signs of a herniated nucleus pulpous or spinal stenosis" (Tr. 1788). In October 2015, chest imaging again showed no active cardiopulmonary process in addition to stable signs of chronic bronchitis that had appeared on previous studies (Tr. 1852). Also, in October 2015, Plaintiff followed up for chronic bronchitis, exacerbated by continuing a long-term, heavy cigarette smoking habit (Tr. 1846-1847). Additional October 2015 lab tests showed Plaintiff had good electrolyte levels, good liver and kidney

4

function, good lipid levels, and normal thyroid readings (Tr. 1887).

In September 2016, primary care records reflected continuing noncompliance with dietary exercise, and smoking treatment recommendations in response to reporting of upper respiratory symptoms. Nevertheless, examination documented Plaintiff's "grossly intact" neurological profile and a normal mental status exam (Tr. 1895).

In October 2014, William Rigby, Ph.D., documented a largely unremarkable mental status exam of Plaintiff that accurately typified the conservative treatment record. Dr. Rigby diagnosed Plaintiff with anxiety and opiate abuse in sustained remission and opined that Plaintiff had no impairment in understanding, retaining, and following simple instructions and no impairment in sustaining concentration and persistence to complete tasks in a normal time. Dr. Rigby further opined that Plaintiff had a mild impairment in adapting and responding to the pressures of a normal day-to-day work activity; and a moderate restriction in maintaining social interactions with supervisors, friends, and the public, commensurate with a global assessment functioning (GAF) score of 70. Dr. Rigby also observed that Plaintiff's "posture is erect" and "gait is normal" (1478-1481).

State agency physician P. Saranga, M.D., reviewed the record during the current administrative proceedings and opined that

Plaintiff had a physical functional capacity consistent with light exertion with additional postural limitations (Tr. 912-914).

State agency psychologist Tonya Gonzalez, Psy.D., and physician, Alex Guerrero, M.D., also reviewed the record during the current administrative proceedings with both mental health consultants opining that Plaintiff was subject to no more than mild limitations in her activities of daily living and in maintaining social functioning and concentration, persistence or pace; with no repeated episodes of decompensation of extended duration (Tr. 873-875, 910-911).

**(b) October 2016 Administrative Hearing Testimony**

Plaintiff testified that she was 48 years old, had a GED, and that she lived with her mother (Tr. 835). She said that she had a driver's license and drove a car (Tr. 836). She then described her past work and that she had stopped working in 2011 (Tr. 836-837). Plaintiff testified that she had degenerative disc disease, had not received surgical treatment, but that prescription medication provided relief (Tr. 838). Plaintiff also testified that she had arthroscopic surgery on her right knee as well as injections that had not helped (Tr. 838-839). She said she had breathing problems that she treated with an inhaler. However, she testified that she continued to smoke cigarettes and that she had "cut down very, very little" (Tr. 839). Plaintiff also said that she had burned her right forearm and had no feeling on the top of her right hand

(Tr. 839). She said that she also took thyroid and high blood pressure medication that was "working fairly well" (Tr. 839-840). Plaintiff testified that she was also taking prescription medication for anxiety and depression that helped (Tr. 840).

Plaintiff testified that she could sit and stand for ten minutes at a time but could lift and carry only three pounds (Tr. 841). She said that she did not help much with cooking and cleaning but spends her time watching television (Tr. 841-842). She said that she had experienced back problems for ten to 15 years that had worsened over that period (Tr. 842). Plaintiff testified that she used a cane but that a physician had not prescribed it (Tr. 843). She said that she became agitated and had difficulty concentrating but that prescription medication helped significantly (Tr. 844). Plaintiff testified that she would lay down two or three times a day for one hour each time (Tr. 844).

A vocational expert (VE), William Ellis, also testified (Tr. 845-848). After testifying as to Plaintiff's past work, the ALJ asked the VE to assume a hypothetical individual of Plaintiff's age, education, and work experience with limitations the same as those ultimately determined by the ALJ to be those of Plaintiff. The VE testified that such an individual could not perform Plaintiff's past relevant work but could perform other work including the representative unskilled, light exertion occupations of food prep worker, dishwasher, and packer (Tr. 846-847). The VE

7

testified that other than where noted, his testimony had been consistent with the Dictionary of Occupational Titles (DOT) (Tr. 847-848).

**(c) ALJ's February 2017 Decision[2]**

After a careful review of the record, the ALJ found that Plaintiff had severe impairments consisting of obesity, degenerative disc disease, history of degenerative joint disease, arthritis of the right knee post arthroscopic surgery, chronic bronchitis with heavy tobacco abuse, history of cellulitis and fasciitis of the right forearm, vision changes, anxiety and depression (Tr. 817-818; Finding No. 3), but that Plaintiff's impairments did not meet or equal the severity of a listed impairment (Tr. 818-819; Finding No. 4). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light exertion work with additional postural, manipulative environmental, and mental limitations (Tr. 819-823; Finding No. 5), and that her complaints of disabling limitations were not

---

[2] The record contains a prior ALJ's decision issued in February 2013 (Tr. 852-864). The Commissioner notes that in the current ALJ's decision now before the Court, the ALJ considered the prior administrative findings in accordance with *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) and Social Security Acquiescence Ruling (AR) 98-4(6), which were in effect at the time of the current ALJ's decision. The Sixth Circuit has since changed its approach to prior administrative findings. *See generally Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). But, in any event, here, the ALJ determined that new evidence provided for different findings than those previously made (Tr. 814). Thus, the ALJ's decision here does not run afoul of *Earley*.

8

entirely consistent with the medical evidence and other record evidence (Tr. 820). Finally, the ALJ found that Plaintiff was able to perform the representative unskilled light exertion occupations of food preparation worker, dishwasher, and packer, existing in significant numbers in the national economy (Tr. 824; Finding No. 10). Therefore, the ALJ found that Plaintiff was not disabled under the Act through the date of his decision (Tr. 824; Finding No. 11).

Plaintiff provides a largely undeveloped argument that the ALJ's decision was not supported by substantial evidence and includes a brief description of her alleged physical and mental health conditions. She then follows with conclusory statements either that the ALJ did not consider these conditions in combination or that the ALJ's assessments did not adequately account for alleged associated limitations. Pl.'s Br. 16-18. Otherwise, Plaintiff only presents one specific and narrow unsubstantiated challenge to the ALJ's consideration of her disability claim. She argues that the ALJ did not consider the effects of her subjective complaints in assessing her RFC. Pl.'s Br. 18-20. Plaintiff has thus waived any arguments as to any other issue not raised or argued with specificity in her brief. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("[W]e limit our consideration to the particular points that [the claimant] appears to raise in her brief on appeal."); *United States*

*v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation omitted)).

In her brief to the Court, Plaintiff makes a general assertion that the ALJ erred in that "the ALJ's restrictions placed on her from a physical standpoint simply do not equate to the actual objective testing that has been performed in this case." Pl.'s Br. 17. As pointed out above, Plaintiff's vague assertions are accompanied by essentially undeveloped arguments, without support, which merely reference medical records associated with her alleged impairments. However, Plaintiff does not set forth with any real degree of specificity the nature of the ALJ's purported errors. Plaintiff's unsupported assertions are without merit.

**(d) Medical Evidence Submitted to the Appeals Council**

The Appeals Council's denial of review is not judicially reviewable pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff submitted additional records for the period from September-October 2017 to the agency's Appeals Council (Tr. 9-806), with the Appeals Council noting that the ALJ decided the case through February 15, 2017. Thus, the additional records did not relate to the period at issue in the case before the Court (Tr. 2). See 20 C.F.R. § 404.970(a)-(b); *see also Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (holding evidence submitted to

the Appeals Council after the ALJ's decision is not considered part of the record for purposes of substantial evidence review).

This Court can consider new evidence – evidence that is not in the certified administrative transcript – only in connection with a request for sentence six remand. *Id.*, 279 F.3d at 357. Sentence six of § 405(g) provides that, if there is "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," the court may remand the case to the agency for consideration of this new evidence. 42 U.S.C. § 405(g). When ordering sentence six remand, the court does not address the merits of the agency's decision itself. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).

Here, Plaintiff has not requested remand under sentence six, and, instead, she uses the medical records from September-October 2017 to briefly and vaguely argue that the ALJ's decision is not supported by substantial evidence. Pl.'s Br. 17-18. Even if she had requested sentence six remand – which she has not and has thus waived the argument, *see Masterson v. Barnhart,* 309 F.3d 267, 273 n.3 (5th Cir. 2002) ("Masterson does not request a remand in light of the new evidence, so he has waived the argument.") – sentence six remand based on this evidence is not appropriate because the evidence is not material to the issue of whether Plaintiff satisfied her burden of proving disability prior to the Commissioner's final decision on February 15, 2017. This portion

of the evidence submitted by Plaintiff, therefore, is not relevant to the period at issue. *See* 20 C.F.R. § 404.620(a) (where there is an ALJ hearing decision, the claimant's application remains in effect until the ALJ hearing decision is issued). To the extent Plaintiff's later-submitted evidence concerns the relevant period, which the Commissioner denies, Plaintiff fails to sufficiently demonstrate how this evidence shows that the ALJ's findings were unsupported by substantial evidence. This evidence is, at best, merely cumulative or reflective of a condition that either initially existed or worsened only after February 15, 2017 and should not be a basis for remand. See 20 C.F.R. § 404.970(a)-(b) (when additional evidence is submitted, Appeals Council will grant review if the additional evidence is new, material, period-relevant, and there is a reasonable probability that the additional evidence would change the outcome of the decision).

**(e) The ALJ's Decision Was Supported by Substantial Evidence**

Contrary to Plaintiff's undeveloped argument that the ALJ's decision was not supported by substantial evidence, the ALJ specifically discussed the objective medical evidence associated with Plaintiff's complaints of allegedly disabling physical and mental conditions; including consideration of the chronologically relevant medical records (Tr. 1208-1213, 1256-1258, 1491, 1493, 1535, 1543, 1723-1724, 1781-1782, 1787-1788, 1846-1847, 1852, 1854, 1887, 1895); Dr. Rigby's October 2014 examination findings

12

and opinion (Tr. 1478-1481); and the opinions of state agency reviewing medical consultants (Tr. 873-875, 910-914), in the making of his justifiable RFC finding (Tr. 819-823; Finding No. 5). *See Richardson v. Perales*, 402 U.S. at 399 ("We . . . are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict.")

In her brief to the Court, Plaintiff does not adequately explain why the ALJ's assessment of her functional mental abilities was unreasonable in light of the probative evidence set forth above. Instead, Plaintiff simply argues that "the combined effects of Mr. Clark's physical and mental impairments, reflect that he could not perform a wide range of even sedentary work on a regular and sustained basis.Pl.'s Br. 16. In her brief to the Court, Plaintiff provides no argument as to contrary probative evidence for the period at issue and justifiably relied on by the ALJ, and does not explain why the ALJ's reasonable RFC finding did not adequately account for her physical and mental limitations. Pl.'s Br. 16-18. *See* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are . . . disabled."); see also Ferguson v. Comm'r of Soc. Sec., 628 F.3d 269, 275 (6th Cir. 2010) (the burden of proving disability lies with the claimant).

Contrary to Plaintiff's unsupported assertions, the ALJ reasonably found that Plaintiff did not have physical or mental

13

limitations beyond those accounted for by his justifiable RFC finding and his well-reasoned evaluation of Plaintiff's alleged impairments that is supported by substantial evidence (Tr. 819-823; Finding No. 5).

Plaintiff's argument challenging the ALJ's treatment of lay testimony and application of the so-called "two-step process" under Social Security Ruling 96-7p5[3]—are essentially challenges to the ALJ's finding that her statements as to the intensity, persistence, and limiting effects of her symptoms were not supported by the record. Pl.'s Br. at 15.

In the case before the Court, Plaintiff relies on her own subjective reports about her symptoms to establish her alleged disability, which, contrary to Plaintiff's argument, the ALJ reasonably discounted. Pl.'s Br. 18-20. Specifically, the ALJ

---

[3] The agency's sub-regulatory guidance regarding the evaluation of symptom testimony, found in SSR 96-7p, was superseded by SSR 16-3p effective March 2016. 2016 WL 1237954 (Mar. 24, 2016). As such, SSR 16-3p was in effect at the time of the ALJ's March 2017 decision, and Plaintiff's citation to SSR 96-7p is misplaced. In any event, the analysis in this case does not turn on which SSR applies as the ALJ appropriately evaluated Plaintiff's symptoms using the regulatory framework set forth in 20 C.F.R. § 404.1529, which has not changed. The most salient point in SSR 16-3p is that subjective symptom evaluation is not about an individual's general character or truthfulness, see SSR 16-3p, 2016 WL 1119029, at *10, and Plaintiff does not suggest that the ALJ's findings here were based on an evaluation of his overall character or truthfulness, so as to contravene SSR 16-3p. As explained in detail above, the ALJ's regulation-based and well-supported reasons for discounting Plaintiff's symptoms is consistent with the guidance in SSR 16-3p.

pointed out that Plaintiff's activities of daily living as well as the objective medical record were not entirely consistent with her assertions regarding the intensity, persistence and limiting effects of her subjective complaints (Tr. 820-822). Thus, substantial evidence supports the ALJ's finding that the record did not include objective findings or other record evidence that would support Plaintiff's argument that she was subject to disabling symptoms.

Further, the ALJ's analysis of Plaintiff's symptom complaints is entitled to deference from this Court. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). The ALJ discussed relevant medical evidence, including the findings from Plaintiff's treating or examining medical sources, in reasonably determining that Plaintiff retained the RFC to perform physical and mental activities associated with unskilled work at the light level of exertion. *Richardson v. Perales*, 402 U.S. at 399.

As set forth above, the objective medical and mental health evidence supported the ALJ's conclusion that Plaintiff's allegations regarding the severity of her symptoms were not fully believable. Plaintiff's treatment records showed insufficient objective findings to support her claims of disabling physical pain as well as other alleged symptoms attributed to her alleged depression and anxiety through the date of the ALJ's decision before the Court. Again, Plaintiff's overall physical and mental

health treatment records through the date of the ALJ's decision all detract from Plaintiff's claims of disabling symptoms. See *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (unpublished) (testimony describing pain contrasted starkly with medical evidence showing no significant abnormalities in his cervical spine). *See* 20 C.F.R. § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating and nontreating source or other persons about how your symptoms affect you.")

Therefore, the medical (including mental health) evidence supported the ALJ's reasonable conclusions that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical and other evidence; and that Plaintiff retained the RFC to perform unskilled work activity at the light level of exertion through the ALJ's decision now before the Court (Tr. 819-824; Finding Nos. 5, 10). Further, as noted above, the ALJ pointed out that Plaintiff's "broad range" of activities of daily living including caring for her own personal needs, caring for a pet dog, leaving the house on a daily basis, driving a vehicle, attending church, and "helping" with household chores, suggested that she

16

would be successful in performing work activities at the significantly reduced light exertion level (Tr. 822; Tr. 1075-1080, 1093-1094, 1098-1103, 1125-1130, 1480). *See Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012) (unpublished) (allegations of impairments could be considered inconsistent with claimant's own testimony about the daily activities she is able to perform). Because the ALJ's analysis of Plaintiff's subjective complaints was supported by substantial evidence, the ALJ's decision should be affirmed. *Bowman v. Chater,* No. 96-3990, 1997 WL 764419, at *5 (6th Cir. Nov. 26, 1997) (unpublished).

Here, although Plaintiff's argument as to her subjective complaints to the Court is vague and without sufficient supportive probative evidence, to the extent that Plaintiff suggests that the evidence before the Court is open to another interpretation that favors her claim, the Court should give deference to the ALJ's analysis of Plaintiff's symptoms. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). The ALJ discussed relevant medical evidence, including the findings from Plaintiff's treating or examining medical sources, in reasonably determining that Plaintiff retained the RFC to perform physical and mental activities associated with unskilled work at the light level of exertion. *Richardson v. Perales*, 402 U.S. at 399.

As set forth above, the objective medical and mental health evidence supported the ALJ's conclusion that Plaintiff's

allegations regarding the severity of her symptoms were not fully believable. Plaintiff's treatment records showed insufficient objective findings to support her claims of disabling physical pain as well as other alleged symptoms attributed to her alleged depression and anxiety through the date of the ALJ's decision before the Court. Again, Plaintiff's overall physical and mental health treatment records through the date of the ALJ's decision all detract from Plaintiff's claims of disabling symptoms. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 475 (6th Cir. 2014) (unpublished) (testimony describing pain contrasted starkly with medical evidence showing no significant abnormalities in his cervical spine).

In reaching his justifiable RFC finding, the ALJ reasonably evaluated Plaintiff's alleged disabling physical and mental impairments including his consideration of the opinions from state agency medical consultants (Tr. 819-823; Finding No. 5). In doing so, the ALJ accorded "significant weight" to Dr. Saranga's opinion that Plaintiff retained the capacity to perform work activities consistent with the performance of light exertion work, but declined to accord weight to Dr. Guerrero's opinion that Plaintiff's mental impairments were not severe because he determined that Plaintiff's alleged depression and anxiety were severe impairments based on his favorable interpretation of Dr. Rigby's October 2014 consultative opinion (Tr. 822; Tr. 931-933,

1478-1481). *Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 463 (6th Cir. 2012).

A claimant's allegations are less believable if the objective medical evidence or her mental health treatment history does not support her allegations. Symptoms are subjective complaints about a claimant's condition and cannot be the basis for a finding of disability. 20 C.F.R. § 404.1529(a) ("statements about your pain or other symptoms will not alone establish that you are disabled"). It is fundamental that an ALJ can base his decision that a claimant's symptoms are not as limiting as she alleges based on inconsistencies between those claims and the rest of the record. See 20 C.F.R. § 404.1529(c)(4) ("We will consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between your statements and the rest of the evidence, including your history, the signs and laboratory findings, and statements by your treating and nontreating source or other persons about how your symptoms affect you.")

Finally, the ALJ made his reasonable RFC finding after careful consideration of the entire record, including the evidence before him associated with Plaintiff's claims of both disabling physical and mental symptoms (Tr. 815, 817, 819, 820; Finding No. 5). Because the ALJ's findings as to extent of Plaintiff's work-related limitations and her subjective complaints were supported by substantial evidence, the Court shall affirm the ALJ's decision.

*See Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010) ("Even if this Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence.").

## Conclusion

For the foregoing reasons, the Commissioner's final decision is supported by substantial evidence and shall be affirmed by the Court.

**IT IS SO ORDERED** this the 19th day of February, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge